LARA R. SHAPIRO (State Bar No. 227194)
4344 Promenade Way, Unit 207
Marina del Rey, CA 90292
Telephone:  (310) 577-0870
Facsimile:  (424) 228-5351
Shapiro.lara@gmail.com

Attorney for Plaintiffs,
Brent King, Barbara Hurlbut,

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Brent King and Barbara Hurlbut,<br><br>           Plaintiffs,<br><br>vs.<br><br>National Principal Group, LLC.; and DOES 1-10, inclusive,<br><br>           Defendants. | Case No.:<br><br>**COMPLAINT FOR DAMAGES**<br>**1. VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 ET. SEQ;**<br>**2. VIOLATION OF FAIR DEBT COLLECTION PRATICES ACT, CAL.CIV.CODE § 1788 ET. SEQ.**<br><br>**JURY TRIAL DEMANDED** |

For this Complaint, the Plaintiffs, Brent King and Barbara Hurlbut, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788, et. seq. ("RFDCAP"), by the Defendants and its agents in their illegal efforts to collect a consumer debt.

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business here and the Defendant's principal place of business is within this District.

## PARTIES

4. The Plaintiffs, Brent King and Barbara Hurlbut (hereafter "Plaintiffs"), are adult individuals residing in Sacramento, CA, and Stockton, CA, respectively, and are "consumers" as the term is defined by 15 U.S.C. § 1692a(3).

5. The Defendant, National Principal Group, LLC. (hereafter "Defendant" or "NPG"), is a New York Limited Liability Company, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6. NPG is operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

7. Does 1-10 (the "Collectors") are individual collectors employed by NPG and whose identities are currently unknown to the Plaintiff. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

8. NPG at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

**A.   The Debt**

9. A financial obligation (the "Debt") was allegedly incurred to original creditor (the "Creditor").

10. The alleged Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

11. The alleged Debt was purchased, assigned or transferred to NPG for collection, or NPG was employed by the Creditor to collect the Debt.

12. The Defendants attempted to collect the alleged Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

B. **NPG Engages in Harassment and Abusive Tactics**

13. NPG contacted the Plaintiffs to collect the alleged Debt. NPG began to harass Plaintiffs in March of 2017.

14. On March 1, 2017 at approximately 12:30 PM, NPG called, but when Mr. King answered, no one was on the line.

15. On March 2, 2017 at approximately 10:58 AM, NPG called, but when Mr. King answered, no one was on the line.

16. On or about March 2, 2017 @ 11:01 A.M. NPG collector, a female who refused to provide her name, informed Plaintiff, Brent King, that Mr. King had "committed fraud" and now owed $675 and needed to pay "immediately, or the Courts will get involved and a garnishment will happen." The NPG collector falsely stated that Mr. King had taken a loan from Mack Development Group, and made some payments before stopping. This was false and Mr. King said so. She then accused Mr. King of fraud. She asked Mr. King if he disputed the debt and he replied that he did dispute the debt. She then hung up.

17. NPG collector then called Mr. King's grandmother, Plaintiff Barbara Hurlbut immediately after hanging up with Mr. King, on March 2, 2017 at approximately 11:30 A.M. and left a voice mail message threatening legal action if the caller did not receive a return call from Ms. Hurlbut.

18. On March 2, 2017 at approximately 12:04 PM, NPG called Ms. Hurlbut again and, in what was a threatening tone, told Ms. Hurlbut that Mr. King owed money and needed to contact them. Ms. Hurlbut was afraid and worried and upset and called Mr. King.

19. On March 2, 2017 at approximately 12:45 PM Mr. King called NPG and spoke with a man, Mr. King asked for a contact name to provide to his lawyer, and the man asked if his attorney, Ms. Shapiro was "on retainer or just handled your bankruptcy." Mr. King disputed the alleged debt again and said he would contact this Mack Development Group to research this alleged debt, but the NPG man said that "there will be no record because NPG bought the account." Mr. King then instructed NPG not to contact him again and to only deal with Mr. King's attorney, Ms. Shapiro.

20. On March 2, 2017 at approximately 12:53 PM, NPG called Mr. King again, Mr. King declined the call.

21. On March 2, 2017 at approximately 12:54 PM, NPG called Mr. King, who again declined the call.

22. On March 2, 2017, at approximately 12:54 PM, NPG called again, Mr. King answered and the caller, a man, threatened Mr. King again with court actions, at which point Mr. King hung up.

23. NPG was very rude and abusive when speaking with Plaintiffs.

### C.     **Plaintiff Suffered Actual Damages**

24.     The Plaintiffs have suffered and continue to suffer actual damages as a result of the Defendants' unlawful conduct.

25.     As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiffs suffered and continue to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

26.     The Defendants' conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

### COUNT I
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692, et seq.

27.     The Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

28.     The Defendants threatened Plaintiff with "charges being brought against him" in violation of 15 U.S.C. § 1692e(4).

29.     The Defendants used profane and abusive language when speaking with the consumer, in violation of 15 U.S.C. § 1692d(2).

30.     The Defendants employed false and deceptive means to collect a debt, in violation of 15 U.S.C. § 1692e(10).

31. The Defendants implied that Plaintiff committed fraud, in order to disgrace him, in violation of 15 U.S.C. § 1692e(7).

32. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

33. The Plaintiffs are entitled to damages as a result of the Defendants' violations.

**COUNT II**
**VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT**
**CAL. CIV. CODE § 1788, et. seq.**

34. The Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

35. The Rosenthal Fair Debt Collection Practices Act, California Civil Code section 1788 et seq. ("Rosenthal Act") prohibits unfair and deceptive acts and practices in the collection of consumer debts.

36. NPG, in the regular course of business, engages in debt collection and is a "debt collector" as defined by Cal. Civ. Code § 1788.2(c).

37. The Defendants threatened charges would be brought against Plaintiff, in violation of Cal. Civ. Code § 1788.10(b) and § 1788.10(e), and 1788.13(j).

38. The Defendants failed to comply with the provisions of 15 U.S.C. § 1692, *et seq.*, in violation of Cal. Civ. Code § 1788.17.

39. The Plaintiffs are entitled to damages as a result of the Defendants' violations.

# **PRAYER FOR RELIEF**

WHEREFORE, the Plaintiffs pray that judgment be entered against the Defendants:

A. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendants;

B. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against the Defendants;

C. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against the Defendants.

D. Actual damages pursuant to Cal. Civ. Code § 1788.30(a);

E. Statutory damages of $1,000.00 per violation for knowingly and willfully committing violations pursuant to Cal. Civ. Code § 1788.30(b);

F. Actual damages from the Defendants for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial for the Plaintiffs;

G. Punitive damages; and

H. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

DATED: February 14, 2018         LARA SHAPIRO


By: /s/ *Lara R. Shapiro*
Lara R. Shapiro

Attorney for Plaintiffs
Brent King and Barbara Hurlbut

8
COMPLAINT FOR DAMAGES